OPINION
Defendant-appellant Adam L. Azbell appeals the March 13, 1998 Judgment Entry of Sentence of the Fairfield County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
Appellant was indicted on October 10, 1997, for one count of burglary, in violation of R.C. 2911.12(A)(4), a felony of the fourth degree. On November 6, 1997, appellant pled not guilty to the charge.
On January 22, 1998, appellant withdrew his previously entered not guilty plea and entered a plea of no contest to the indictment. The trial court entered a finding of guilty. A sentencing hearing was held on March 4, 1998. Appellant moved the trial court to place him on community control.
In its Sentencing Entry filed March 13, 1998, the trial court stated:
 For the reasons stated on the record, and after consideration of the factors under Revised Code 2929.12, the Court finds that prison is consistent with the purposes of Revised Code 2929.11 and the Defendant is not amenable to an available community control sanction. Specifically, the Court finds that 2929.12(D)(1) and (2) both apply as the Defendant has previously been adjudicated a delinquent child for Breaking Entering and Receiving Stolen Property and has failed to rehabilitate after being placed on probation. Further, the Court finds that the Defendant had been placed on probation out of the Lancaster Municipal Court ten days before this crime was committed. Further, the Court found that 2929.13(B)(1)(h) applies in that the Defendant previously was subject to a community control sanction and committed this offense while under the sanction, by virtue of being placed on community control out of the Lancaster Municipal Court on June 27, 1997. Further, pursuant to 2929.14(B) the Court finds that imposing the shortest prison term available would demean the seriousness of the offense and would not adequately protect the public. The Court also finds that recidivism is more likely because the Defendant was convicted of crimes that would have been felonies while he was a juvenile.
(Emphasis added.)
The trial court ordered appellant to serve a prison term of twelve months, pay a fine of $250 plus costs of prosecution, and make restitution. It is from the March 13, 1998 Judgment Entry of Sentence appellant prosecutes this appeal, assigning as error:
 THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY MISCONSTRUING "COMMUNITY CONTROL SANCTIONS" AS APPLIED TO APPELLANT'S CONVICTION OF A FOURTH DEGREE FELONY UNDER SENATE BILL 2.
Herein, appellant contends the trial court erred in finding his previous misdemeanor conviction for which he was placed on non-reporting probation by the Lancaster Municipal Court qualified as a "community control sanction". Appellant asserts such erroneous finding was prejudicial to his sentence. We agree.
In considering whether to sentence a defendant to prison instead of a community control sanction, R.C. 2929.13(B)(1)(h) states the trial court shall determine whether:
 The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
As noted supra, the trial court specifically found such factor to exist in the case sub judice. R.C. 2929.01(F) defines "Community Control Sanction" as follows:
 "Community control sanction" means a sanction that is not a prison term and that is described in section 2929.15, 2929.16, 2929.17, or 2929.18 of the Revised Code.
A review of the statutes contained within this definition reveals they all deal with felony convictions, not misdemeanors. When strictly construing such statute against the State and liberally in favor of the accused as mandated by R.C. 2929.01, we agree with appellant misdemeanor probation is not a "community control sanction".
In the trial court's Judgment Entry of Sentence quoted supra,
the trial court stated additional reasons for sentencing appellant to prison in this case. Appellant does not allege any error in the trial court's findings as to those other factors. Although we recognize the trial court might well have entered the same sentence it did based upon these other factors, because the trial court improperly found appellant had committed the instant offense while under a community control sanction, and specifically considered such factor in rendering its sentence, we vacate appellant's sentence and remand this matter to the trial court for re-sentencing in accordance with R.C. 2929.12 and this opinion.
Appellant's sole assignment of error is sustained.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the March 13, 1998 Judgment Entry of Sentence of the Court of Common Pleas for Fairfield County is vacated and this case remanded to that court for re-sentencing in accordance with our opinion and the law. Costs assessed to appellee.